1  Thomas N. Petersen, CSB # 103037
   Black, Chapman, Webber, Stevens, Petersen & Lundblade
2  Attorneys at Law
   221 Stewart Avenue, Suite 209
3  Medford, Oregon   97501
   (541) 772-9850
4  Facsimile (541) 779-7430
   litigation@blackchapman.com
5  206 Lane St.
   Yreka, CA 96097
6  (530) 841-0570

7  Attorney for Plaintiff

8

9              UNITED STATE DISTRICT COURT
               EASTERN DISTRICT OF CALIFORNIA
10

11  THOMAS LEE WILLIAMS, by and
    through his Guardian ad Litem, Darius
12  Williams,                              )     CASE NO.
                                           )
13          Plaintiff,                     )     **COMPLAINT FOR DAMAGES**
                                           )     [42 U.S.C. §1983, 1988, Negligence, Battery]
14          vs.                            )
                                           )     DEMAND FOR JURY TRIAL
15  CITY OF WEED, CHRIS YOUNG,             )
    an individual, STEVEN SHANNON, an      )
16  individual, MARTIN NICHOLAS, an        )
    individual,                            )
17                                         )
            Defendants.                    )
18  _____    )

19              JURISDICTION AND VENUE

20  Plaintiff alleges:

21      1.  This is an action brought under 42 U.S.C. §1983 to recover damages against

22  defendants for violations of plaintiff's rights to be free of arrest with unreasonable force

23  and to have due process guaranteed by the Fourth, Fifth and Fourteenth Amendments to

24  the United States Constitution.

25      2.  The jurisdiction of this Court is predicated on 28 U.S.C. Sections 1331, 1332,

26  1343, 1367, 1391, and 42 U.S.C. Sections 1983 and 1988.  Plaintiff has also complied with

- 1 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS,  PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone:  (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1  applicable state claims statutes by filing a government tort claim with defendant CITY OF

2  WEED. Plaintiff's claim was received by defendant CITY OF WEED on March 5, 2007.

3  Attached hereto and made a part hereof by referenced as Exhibit 1 is Defendant CITY

4  OF WEED's April 2, 2007, formal rejection of the plaintiff's claim.

5      3. Plaintiff, THOMAS LEE WILLIAMS ("hereafter "WILLIAMS"), is, and at all

6  times mentioned in this complaint was, a citizen of the State of California, at all times

7  mentioned in this Complaint, WILLIAMS was in the custody of the City of Weed,

8  California Police Department.  Jurisdiction is proper under 28 U.S.C. 1332. WILLIAMS is

9  comatose and incapable or bringing this action on his own. As a result, this action is

10  brought on his behalf by his Guardian ad Litem, Darius Williams Bainbridge.

11      4. Defendant, CITY OF WEED (hereafter "WEED")is, and at all times mentioned

12  in this complaint was, a general law city and a political subdivision of the State of

13  California located in the Eastern District of California.  WEED owns, controls, maintains

14  and operates a municipal police force. Venue is proper under 28 U.S.C. §1391(b).

15      5. Defendant, CHRIS YOUNG ("hereafter "YOUNG") is, and at all times

16  mentioned in this complaint was a resident of Siskiyou County, California and a police

17  officer who acted individually and within the course and scope of his employment as a

18  police officer with the police department owned, controlled, maintained, and operated by

19  defendant, WEED.  Venue is proper under 28 U.S.C. §1391(b).

20      6. Defendant, STEVEN SHANNON ("hereafter "SHANNON") is, and at all

21  times mentioned in this complaint was a resident of Siskiyou County, California and a

22  police officer who acted individually and within the course and scope of his employment

23  as a police officer with the police department owned, controlled, maintained, and operated

24  by defendant, WEED.  Venue is proper under 28 U.S.C. §1391(b).

25      7. Defendant, MARTIN NICHOLAS ("hereafter "NICHOLAS") is, and at all

26  times mentioned in this complaint was a resident of Siskiyou County, California and a

- 2 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS, PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1   police officer who acted individually and within the course and scope of his employment

2   as the Chief of Weed Police Department which is owned, controlled, maintained, and

3   operated by defendant, WEED. At all times mentioned herein, NICHOLAS, was the

4   municipal policymaker for WEED police officers. At all times mentioned herein, WEED

5   police department customs, practices and policies were created, instituted and continued

6   by NICHOLAS. Venue is proper under 28 U.S.C. §1391(b).

7       8. The events giving rise to this action occurred in Siskiyou County, California,

8   which is located in the Eastern District of California.  Venue is proper under 28 U.S.C. §

9   1391(b).

### FIRST CLAIM FOR RELIEF
[42 U.S.C. Section 1983
As to All Defendants]

12       9. Plaintiff hereby incorporates paragraphs 1 through 8 of the Complaint as though

13   fully set forth.

14       10. Defendants YOUNG and SHANNON were, at all times mentioned in this

15   complaint, acting under color of state law.  Defendants YOUNG and SHANNON were,

16   at all times mentioned herein, acting on the orders of and pursuant to custom, practice,

17   and policies created, instituted, and continued by defendant NICHOLAS and WEED.

18   Defendants YOUNG, SHANNON, and NICHOLAS are sued individually and in their

19   capacity as police officers for WEED.

20       11. On or about September 6, 2006, YOUNG and SHANNON performed a traffic

21   stop on WILLIAMS who, according to SHANNON'S police report, was driving a vehicle

22   without a functioning license plate light.

23       12. According to SHANNON'S report, WILLIAMS was seated in the driver's seat

24   of the vehicle and placed something in his mouth and began to chew. According to the

25   report, SHANNON, suspecting WILLIAMS was attempting to swallow contraband,

26   / / /

- 3 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS, PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1   ordered WILLIAMS to spit the item out and exit the vehicle, but WILLIAMS did not

2   respond.

3         YOUNG, who was present, reached into the vehicle through a driver's side window

4   and grabbed WILLIAMS by the neck and head and slammed WILLIAMS' head into the

5   steering wheel, rendering WILLIAMS unconscious. YOUNG and SHANNON then

6   unlatched WILLIAMS seatbelt and pulled him from the vehicle. As they did so,

7   SHANNON and YOUNG threw WILLIAMS to the ground and YOUNG then dropped

8   a knee into the prostrate WILLIAMS' head, further injuring him. WILLIAMS was then

9   dragged to the location of SHANNON's patrol vehicle where WILLIAMS was again put

10   down on the road.

11         13. During the time that SHANNON and YOUNG were with WILLIAMS,

12   WILLIAMS stopped breathing and suffered irreversible brain damage when SHANNON

13   and YOUNG allowed WILLIAMS to lie unconscious on the road without attempting to

14   remove the item from WILLIAMS mouth so WILLIAMS could breathe, without

15   attempting first aid or employing effective first aid measures, and without attempting to

16   timely obtain emergency medical services  for WILLIAMS who lay unconscious and not

17   breathing on the roadway for approximately 25minutes before medical personnel arrived

18   and opened WILLIAMS' airway.

19         14. WILLIAMS was transported to and placed on life support at Mercy Medical

20   Center in Mt. Shasta where it was noted that he had suffered a catastrophic anoxic brain

21   injury. It was also noted that WILLIAMS had abrasions, contusions, and obvious signs of

22   trauma to his body and head. When WILLIAMS' condition did not improve, he was

23   transferred to a sub-acute hospital in Walnut Creek, California where he lies comatose to

24   this day.

25         15.  In acting as alleged in this complaint, YOUNG acted with deliberate

26   indifference to WILLIAMS's rights under federal law and the United States Constitution

- 4 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS, PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1  when he subjected WILLIAMS to unreasonable and excessive force and physical injury,

2  pain, and emotional distress. In acting as alleged in this complaint, SHANNON acted with

3  deliberate indifference to WILLIAMS' rights under federal law and the United States

4  Constitution when he stood by and allowed YOUNG to use unreasonable and excessive

5  force against WILLIAMS. YOUNG and SHANNON both acted with deliberate

6  indifference to WILLIAMS' rights under federal law and the United States Constitution

7  when they failed to timely seek medical care for WILLIAMS' serious medical needs.

8  YOUNG and SHANNON's actions and failures to act as alleged herein violated

9  WILLIAMS' rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments

10  to the United States Constitution.  In so acting as alleged in this complaint, SHANNON

11  and YOUNG also denied WILLIAMS due process of law in violation of the Fifth and

12  Fourteenth Amendments to the United States Constitution.

13      16. Prior to this incident with WILLIAMS, Defendants WEED and NICHOLAS

14  knew that YOUNG had a history of and a propensity to use unreasonable and excessive

15  force to beat and injure detainees in his custody while acting in his capacity as a WEED

16  police officer. Despite this knowledge, WEED and NICHOLAS have repeatedly failed to

17  take any disciplinary or termination actions against YOUNG to prevent him from using

18  unreasonable and excessive force against detainees such as WILLIAMS, they failed to

19  train their officers, including YOUNG and SHANNON, in the use of reasonable force to

20  detain and arrest persons such as WILLIAMS, and they have encouraged and ratified the

21  use of excessive and unreasonable force by WEED police officers. In so doing, WEED

22  and NICHOLAS acted with deliberate indifference to the federal constitutional rights of

23  persons such as WILLIAMS to be free from unreasonable and excessive use of force, in

24  violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United

25  States Constitution. In acting and failing to act as alleged, NICHOLAS and WEED also

26  / / /

BLACK, CHAPMAN, WEBBER , STEVENS,  PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1  denied WILLIAMS due process of law in violation of the Fifth Amendment to the United

2  States Constitution.

3      17. Despite the fact that WEED and NICHOLAS knew of YOUNG's violent

4  propensity and history of beating detainees, WEED and NICHOLAS authorized and

5  ratified YOUNG's actions and SHANNON's failures to act as alleged herein. In so doing,

6  WEED and NICHOLAS placed detainees such as WILLIAMS in a zone of danger that

7  has in fact resulted in injury. Accordingly, WEED and NICHOLAS have violated 42

8  U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States

9  Constitution by instituting a custom, practice, or policy of deliberate indifference to the

10  constitutional rights of detainees, including WILLIAMS, to be free from the use of

11  unreasonable and excessive force.

12      18. As a direct and proximate result of each defendant's  actions and failures to act

13  as alleged in this complaint, plaintiff has suffered injury, pain, and emotional distress in an

14  amount to be proven at trial.

15      19. In acting and failing to act as alleged in this complaint, defendants acted

16  knowingly, willfully, and maliciously, and with reckless and callous disregard for plaintiff's

17  federally protected rights.

18      20. Plaintiff has had to retain legal counsel to bring this action and is therefore

19  entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

20

21                    SECOND CLAIM FOR RELIEF
22      [Assault and Battery as to YOUNG, SHANNON, NICHOLAS and WEED]

23      21. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 18 of the

24  Complaint as though fully set forth.

25      22. YOUNG and SHANNON acted willfully, maliciously, and without legal

26  justification.  WILLIAMS did not consent to YOUNG's or SHANNON's actions.

- 6 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS,  PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1   NICHOLAS and WEED authorized, consented to, encouraged, and ratified the actions of

2   YOUNG and SHANNON as alleged.

3

4                                 THIRD CLAIM FOR RELIEF
                            [Negligence as to WEED and NICHOLAS]
5

6        23. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 15 and 18 of

7   the Complaint herein as though fully set forth.

8        24. WEED and NICHOLAS had a duty to WILLIAMS to screen, educate and train

9   YOUNG and SHANNON in proper techniques for detaining persons such as

10  WILLIAMS. WEED and NICHOLAS breached said duty in one or more of the following

11  particulars:

12  (1) they failed to educate or train YOUNG and SHANNON to avoid the use of

13  unreasonable and excessive force against detainees such as Williams;

14  (2) though they knew or should have known that YOUNG posed a danger to WILLIAMS

15  and others by reason of his history of and propensity to use unreasonable and excessive

16  force against detainees such as WILLIAMS, they failed to take corrective remedial action

17  against YOUNG to prevent him from using unreasonable and excessive force against

18  detainees such as WILLIAMS;

19  (3) they failed to screen YOUNG for psychological fitness to be a police officer and

20  though they knew or should have known that YOUNG was psychologically unqualified to

21  serve as a police officer after they hired him, they continued to allow YOUNG to work as

22  a police officer;

23  (4) they failed to educate or train YOUNG or SHANNON in how to safely detain

24  persons such as WILLIAMS without endangering the life of the detainee, in this case,

25  WILLIAMS;

26  / / /

- 7 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS, PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1   (5) they failed to educate or train YOUNG or SHANNON in the proper technique for

2   dealing with detainees who are suspected of swallowing suspected items of contraband;

3   (6) they failed to educate or train YOUNG or SHANNON in proper techniques for

4   removing suspected items of contraband from a detainee's oral cavity without endangering

5   the life of the detainee, in this case, WILLIAMS;

6   (7) they failed to educate or train YOUNG or SHANNON on when to summon first aid

7   for persons such as WILLIAMS who were unconscious and not breathing; and

8   (8) they failed to educate or train YOUNG or SHANNON in the use of first aid for

9   persons such as WILLIAMS who are unconscious and not breathing.

10      25. As a direct and proximate result of WEED's and NICHOLAS' breaches of

11   duty, plaintiff was harmed as alleged in paragraph 18 of the Complaint.

12                    FOURTH CLAIM FOR RELIEF
                    [Negligence as to YOUNG and SHANNON]

13

14      26. Plaintiff hereby incorporates an re-alleges paragraphs 1 through 14, and

15   paragraph 18 of the Complaint as though fully set forth.

16      27. YOUNG and SHANNON had a duty to act reasonably and to take

17   measures commensurate with WILLIAMS' behavior in order to safely and

18   competently complete their investigation and detention of WILLIAMS without

19   severely and permanently injuring WILLIAMS as alleged. YOUNG and

20   SHANNON negligently failed to take reasonable steps to safely investigate and

21   detain WILLIAMS  and to avoid harming WILLIAMS while in their care, custody and

22   control. As a direct and proximate result of their actions and inactions as alleged,

23   WILLIAMS suffered permanent and catastrophic injuries.

24      28. YOUNG and Shannon's actions and failures to act fell below peace officer

25   standards of care for the investigation and detention of persons in WILLIAMS'

26   circumstances at the time and place of the incident alleged in the complaint. As a direct

- 8 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS, PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1   and proximate result of YOUNG and SHANNON'S actions and failures to act as alleged,

2   plaintiff suffered physical injury, pain, and emotional distress.

3        WHEREFORE, plaintiff prays judgment against defendant as follows:

4   On the First and Second Claims for Relief:

5        1. For economic damages in an amount to be determined according to proof at

6   trial;

7        2. For non-economic damages in an amount to be determined according to proof

8   at trial;

9        3. For punitive damages in an amount to be determined according to proof at trial;

10        4. For reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

11        5. For costs of suit incurred in this action;

12   On the Third and Fourth Claims for Relief:

13        1. For economic damages in an amount to be determined according to proof at

14   trial;

15        2. For non-economic damages in an amount to be determined according to proof at

16   trial;

17        3. For costs of suit incurred in this action;

18   On all Claims for Relief:

19        1. For such other and further relief as the Court deems proper.

20        DATED this 23rd day of August, 2007.

21        Respectfully submitted,

22        BLACK, CHAPMAN, WEBBER, STEVENS,
          PETERSEN & LUNDBLADE

23

24

25        Thomas N. Petersen, CA# 103037
          Attorney for Plaintiff

26   / / /

- 9 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS, PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

1

DEMAND FOR JURY TRIAL

2

Plaintiff, Thomas Lee Williams, hereby demands a jury trial.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 10 - COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS,  PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com



# City of Weed

350 Main Street
P. O. Box 470
Weed, CA 96094

(530) 938-5020
(530) 938-5096 (FAX)

---

CITY OF WEED          )
COUNTY OF SISKIYOU    )
STATE OF CALIFORNIA)

To:   Darius Williams
      1172 Pheasant Drive
      Pittsburg, CA  94565

### NOTICE OF ACTION ON CLAIM

NOTICE IS HEREBY GIVEN that the claim which you presented on March 5, 2007 was rejected by operation of the law on April 2, 2007.  Our investigation of the claim did not reveal facts indicating liability on the part of the City of Weed.  If you have questions, please contact our Claims Adjustor, Cameron Dewey, at 248-1414.

### W A R N I N G

Subject to certain exceptions, you have only six (6) months from the date that this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.  You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult with an attorney, you should do so immediately.

Please be advised that, pursuant to Sections 128.5 and 1038 of the California Code of Civil Procedure, the City will seek to recover all costs of defense in the event an action is filed in the matter and it is determined that the action was not brought in good faith and with reasonable cause.

Dated:  April 2, 2007

City Clerk, City of Weed

c:  Bragg & Associates

EXHIBIT: 1
PAGE: 1