IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS LEE WILLIAMS,

      Plaintiff,                                         No. CIV S-07-1787 FCD EFB

   vs.

CITY OF WEED, CHRIS YOUNG, an individual, STEVEN SHANNON, an individual, and MARTIN NICHOLAS, an individual,

      Defendants.

_____/

This case was before the undersigned on March 26, 2008, for hearing on plaintiff's motion for contempt against non-party Siskiyou County District Attorney's Office for non-compliance with a subpoena duces tecum. As discussed below, the court construes this motion as one seeking an order compelling compliance with the subpoena. The district attorney's office did not file an opposition to the motion, but defendants did. Thomas N. Peterson appeared as plaintiff's counsel, James A. Wyatt appeared as defense counsel, and Philip Price appeared on behalf of the district attorney's office. For the reasons stated on the record at the hearing and set forth below, the motion to enforce the subpoena is granted in part.

////

////

1

**I. BACKGROUND**

Plaintiff alleges that on September 6, 2006, two Weed, California police officers – Chris Young and Steven Shannon – stopped his vehicle for not having a working license plate light. According to Officers Young and Shannon, plaintiff attempted to ingest something while the officers ordered him to get out of the vehicle. Pl.'s Mem. of P. & A. in Supp. of Mot. for Contempt, 1:22-24. Plaintiff alleges that when he did not get out, Officer Young slammed his head into the steering wheel. Compl., ¶ 12. Officers Young and Shannon then pulled him out of the car, and threw him to the ground. *Id.* Plaintiff stopped breathing. Compl., ¶ 13. Emergency medical technicians arrived on the scene, and plaintiff was taken to a nearby hospital, where he remained in a comatose condition until his death on November 24, 2007. Plaintiff, through his guardian ad litem, brought suit under 42 U.S.C. § 1983 for excessive force, as well as state law claims for negligence and battery.[1]

On November 2, 2007, plaintiff served a subpoena duces tecum on the Siskiyou County District Attorney's Office ("DA"), which sought documents pertaining to defendant Officer Young.[2] It demanded production by the DA of documents relating to: (1) any DA investigations of Officer Young; (2) the detention and arrest of plaintiff; (3) the detention and arrest of Robert Land;[3] (4) the detention and arrest of Erwin Arviso; (5) the detention and arrest of Cody Knolty; and, (6) the DA's *Pitchess* motion pertaining to Officer Young in the matter of *People of the*

---

[1] Plaintiff was in a comatose state when the complaint was filed. In light of his death, plaintiff's counsel has filed a motion to substitute plaintiff's representative as the plaintiff in this action.

[2] It appears that plaintiff in fact served two subpoenas prior to that date, both of which were essentially identical to the one addressed in this order. The November 1, 2007, subpoena included minor revisions as to dates and included an additional request concerning documents related to a *Pitchess* motion filed by the DA concerning Officer Young in an unrelated state court action. *See* Petersen Decl., Exs. 1, 3; *see* f.n. 4.

[3] Plaintiff's counsel represented Mr. Land in an unrelated, excessive force case against the City of Weed and Officer Young.  Peterson Decl., ¶ 3; *see Land v. City of Weed, et al.*, 2:06-cv-0461 LKK DAD. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (A court may take judicial notice of its own records.).

*State of California v. William Dwayne Hayes*, Siskiyou Co. Sup. Ct. Case No. CRM 06-431. *See* Petersen Decl., Ex. 1. At the hearing, plaintiff's counsel explained that the DA made a *Pitchess* motion in the cited state court case in order to obtain information about Officer Young in light of allegations that he had falsified a police report.[4] With regard to Land, Arviso and Knolty, plaintiff asserts they have been subject to incidents or threats of excessive force by Officer Young. *See* Petersen Decl., ¶ 4. Plaintiff served a copy of the subpoena on defense counsel, James Wyatt.

On November 1, 2007, Mr. Wyatt wrote to the DA, indicating which items in the subpoena he believed were "proper" or "improper" for disclosure. *See* Petersen Decl., Ex. 2. On November 6, 2007, Mr. Wyatt wrote another letter affirming his previous assertions, and indicating new objections to items that had been added.

On November 16, 2007, the DA's office sent a letter to plaintiff's counsel indicating that it had in its possession documents responsive to item nos. 1, 3, 4, and 6 identified in the subpoena, but objecting to the inspection and copying of those materials based on the dispute between the parties regarding whether these items were privileged or otherwise protected. *See* Petersen Decl., Ex. 3. The DA's office further indicated that in light of the dispute between the parties, and because it thought state law prohibited production without a court order, it would await a court order compelling production of the requested items.[5] The DA also suggested that a protective order endorsed by the court could alleviate its concerns regarding production.

---

[4] A *Pitchess* motion is simply a motion made in state court pursuant to California Evidence Code provisions that were enacted in 1978 following the California Supreme Court's decision in *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974). *See* Cal. Evid. Code §§ 1043-1045. Typically, a *Pitchess* motion is brought by a criminal defendant in order to discover evidence in the arresting officer's personnel file that is relevant to the defendant's ability to defend against a criminal charge. *Thomas v. On Habeas Corpus*, No.1:05 CV 01398 LJO WMW, 2008 U.S. Dist. LEXIS 2995, * 9-10 (E.D. Cal. Jan. 15, 2008).

[5] In support of its belief that disclosure was not permitted absent a court order, the DA cited Cal. Gov't Code § 6254(f), which places limitations on the disclosure of certain law enforcement records.

1  In light of the DA's response, plaintiff filed this motion. The DA's office did not oppose
2  or otherwise respond to the motion. Defendants, however, filed an opposition to the motion.
3  Defendants object to the subpoena, arguing that they should first have a chance to review any
4  documents responsive to the subpoena, so that they have an opportunity to assert any privileges
5  relevant to those documents. They also request a protective order covering their personnel files
6  and any related documents, as well as a blanket protective order limiting dissemination of
7  privileged or private information.

## II. DISCUSSION

9  Plaintiff styles this motion as one brought pursuant to Fed. R. Civ. P. 45(e). Rule 45(e)
10 authorizes a court "to hold in contempt a person who, having been served, fails without adequate
11 excuse to obey the subpoena." Here, the DA did not ignore the subpoena, but objected to it,
12 indicating that it could not respond absent a court order. *See* Decl. of Petersen ¶ 6, Ex. 3.
13 Although the DA's response was less than satisfactory, *see* n. 6 *infra*, a finding of contempt is
14 not appropriate here.

15 Plaintiff does not explain what a finding of contempt would accomplish, and appears
16 instead to seek an order compelling compliance. Such motion is brought under Rule
17 45(c)(2)(B)(i).

18 Rule 45 Rule 45(c)(2)(B) provides:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

25 The court construes plaintiff's motion as one brought pursuant to Rule 45(c)(2)(B)(i).
26 ////

While the DA has not opposed the motion, it did object to the subpoena in its November 16, 2007, letter. Those objections were based on the dispute between the parties as to whether the requested documents were relevant or otherwise protected from disclosure, as well as its own concerns about whether it was authorized under state law to produce them absent a court order.

### A. Waiver

Plaintiff asserts that the DA has effectively waived any objections to the subpoena because it did not produce a privilege log pursuant to Fed. R. Civ. P. 45(d)(2).

That subsection provides:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material *must*:
> (i) expressly make the claim; and
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(d)(2) (emphasis added).

Here, the DA objected to producing the information while at the same time indicating that it was "desirous of providing all such matters as the Court may order." Petersen Decl., Ex. 3. It did not otherwise describe the nature of the withheld documents in a privilege log, as required under Rule 45(d)(2).

"Failure to comply with Rule 45(d)(2) risks the finding that the privilege has been waived." *Ceramic Corp. of Am. v. Inka Maritime Corp.*, 163 F.R.D. 584, 587 (C.D. Cal. 1995). However, in unusual circumstances and for good cause, such failure does not bar consideration of the objections. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Courts have found such "unusual circumstances" where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery, (2) the subpoenaed witness is a non-party acting in good faith, and, (3) counsel for the witness and counsel for subpoenaing party were in contact concerning the witness's compliance prior to the time the witness challenged the legal basis for the subpoena. *Id.* (internal citations and quotations omitted); *McCoy v. Southwest Airlines Co.*,

211 F.R.D. 381, 385 (C.D. Cal. 2002).

While the subpoena in this case does not on its face appear to be overbroad – that is, it seeks information relevant to claims against Officer Young – the DA is a non-party that appears to be acting in good faith. Moreover, the DA and plaintiff's counsel have been in contact prior to the present legal dispute regarding the enforceability of the subpoena.

This case presents additional, "unusual" circumstances. Plaintiff has sought to subpoena information from a non-party, much of which is likely obtainable directly from defendant City of Weed. The purported privacy interests at stake are those of defendants and not the DA. The DA's objections to the subpoena did not constitute an assertion of defendants' privacy claims, but were largely based on state law provisions prohibiting disclosure of certain law enforcement records. In light of its belief that it could not produce the documents absent a court order, the DA indicated to plaintiff that it would comply with any court order.[6]

While the DA's objections did not include a privilege log, the fact that it had legitimate concerns about producing the information, together with the fact that many of the objections are more appropriately asserted by the parties to this action rather than by the DA, the court finds good cause for considering the objections, and concludes that no privileges have been waived.

**B. Production of Requested Documents**

The "unusual" circumstances of this case are further illustrated by defendants' opposition to plaintiff's motion to compel the DA's compliance with the subpoena.

"A party cannot object to a subpoena duces tecum served on a non-party, but rather, must seek a protective order or move to quash the subpoena." *See Moon v. SCP Pool Corp.*, 232

---

[6] While the court does not believe the DA was acting in bad faith, it is troubled by its failure to respond to the subpoena in a way that comports with the Federal Rules of Civil Procedure. No provision in those rules allows a subpoenaed party to simply not respond to a facially valid subpoena. If the DA concluded that an order was needed to satisfy his obligations under state law, it could have sought such an order or otherwise formally responded to the subpoena in a manner acknowledging the requirements under federal law that some timely response is required-- even if that response was simply to suggest a procedure to the party issuing the subpoena for how to obtain such an order.

1  F.R.D. 633, 636 (C.D. Cal. 2005). Although defendants have not made a motion under either
2  Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 45(c)(3), defendants do, in their opposition, ask the court
3  for a protective order.
4      In the interest of judicial economy and to expedite discovery in this case, the court will
5  construe the opposition as a motion for protective order.
6      The protective order sought by defendants is two-fold. First, they seek a preliminary
7  protective order that delays production until they can confer with the DA to review the materials
8  responsive to the subpoena and determine which specific items they believe are privileged.
9  Second, they seek a blanket protective order that limits access to and dissemination of any
10 personnel files and any other sensitive law enforcement information. *See* Defs.' Opp'n, 2:25-
11 3:8. To obtain a protective order, the moving party must establish good cause therefor. Fed.
12 R. Civ. P. 26(c). Defendants cite to numerous state law provisions governing the discovery and
13 admissibility of law enforcement records in state court. They also cite to some federal court
14 cases in which the judge, while acknowledging that federal law governs privileges in federal
15 question cases such as this, referred to state law provisions in determining how disclosure was to
16 proceed. *See, e.g., Deocampo v. City of Vallejo*, 2007 WL 1589541 (E.D. Cal. Jun. 1, 2007).
17     Here, regardless of whether it is appropriate to refer to state law in determining whether
18 certain law enforcement records should be produced, neither the DA nor defendants have
19 identified the responsive documents with sufficient specificity for the court to determine whether
20 or not a privilege or other protection applies. The court declines to undertake an *in camera*
21 review as provided for under the state law procedures. *See* Cal. Evid. Code § 1045(b) (requiring
22 in camera review to determine relevance). This action is governed by the Federal Rules and not
23 the California Evidence Code. The subpoena seeks information that, at least facially, is highly
24 relevant to the claims and defenses in this action. With regard to the information that defendants
25 claim is more readily obtainable directly from the City of Weed, if either the DA or the
26 defendants believed such information is genuinely privileged or protected, e.g., contains social

7

security numbers, documents regarding communications with counsel, etc., either could have presented a privilege log along with an appropriate motion to quash or motion for a protective order.

### 1. **Items no. 2 through 5**

Item number two concerns documents relating to the detention and arrest of plaintiff. Items three through five pertain to documents relating to the detention and arrest of three other individuals who allegedly claim Officer Young used, or threatened to use, excessive force against them.

Based on the DA's November 16, 2007, letter, it appears that it does not have any information in its possession responsive to item no. 2 (documents relating plaintiff's detention and arrest) or no. 5 (items relating to the detention and arrest of Cody Knolty). The DA shall make a certification to this effect within fifteen days, and in light of that certification plaintiff will have to seek this information from other sources, presumably the defendant City of Weed.

As to items three and four, which concern documents relating to the detention and arrests of Robert Land and Erwin Arviso, the DA has indicated that it has responsive documents in its possession. For the reasons discussed below, the DA shall produce those documents.

Plaintiff's counsel previously represented Robert Land in a case against the City of Weed, in which he alleged claims of excessive force against Officer Young. Plaintiff's counsel also believes Mr. Arviso has made allegations of excessive force against Officer Young.

Defendants urge the court to delay or prevent disclosure of these records pursuant to state law privileges and protections. However, in a federal civil rights case such as this, federal law applies to privilege based discovery disputes involving federal claims, even if supported by pendent state law claims. *See, e.g., Pagano v. Oroville Hospital*, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

Moreover, reference to state law privileges and discovery procedures to inform application of the federal rules does not change the result here. For example, in *Deocampo v.*

8

*City of Vallejo*, 2007 WL 1589541 (E.D. Cal. Jun. 1, 2007), a § 1983 excessive force action against the City of Vallejo and several officers, the court engaged in a lengthy and thoughtful consideration of state privileges and examined much of the relevant information *in camera*, but ultimately concluded that documents concerning past complaints against the defendant officers were discoverable. Specifically, the court found that "any file demonstrating complaints of similar misconduct lodged against the[] defendant officers was potentially relevant to the claims" in the pending action, and ordered production on that basis, even after considering the relevant state law provisions. *Id.* at *6. The court ordered production pursuant to a stipulated protective order.

This reasoning is persuasive here and the court finds unavailing defendants' arguments about the likely inadmissability of such information. The Federal Rules of Civil Procedure govern discovery in this case, and those rules allow "discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." Fed. R. Civ. P. 1 and 26(b)(1). Admissibility at trial is not the standard for discoverability.

Accordingly, the court orders the DA to produce these documents to plaintiff within fifteen days from the date of the hearing. However, mindful of the privacy interests at stake the court will, as discussed at oral argument on this motion, permit the parties to reach agreement on a stipulated protective order.[7] Accordingly, the DA shall make a simultaneous production to both plaintiff and defendants. The parties shall then draft and submit for the court's approval a proposed stipulated protective order that limits the dissemination and use of sensitive or confidential information contained in the files. The parties shall submit the proposed stipulated protective order within fifteen days from the DA's production. In the interim, the parties shall not use or disseminate the records for any purpose other than the prosecution of this litigation.
////

---

[7] The privacy interests include both those of the individuals discussed in the state records and those of the individual defendants.

9

Plaintiff's counsel shall not disseminate the information to any person, including his client, pending further orders or instructions from this court.

### 2. <u>Item no. 1</u>

The DA indicated in its November 16, 2007, letter that it has information responsive to item no. 1 in the subpoena, i.e, documents relating to any DA investigations of Officer Young.

Again, to the extent those documents concern allegations of excessive force by Officer Young against other persons, the court finds those documents relevant to the claims at issue in this litigation. The court orders the DA to produce this information within fifteen days from the date of the hearing. The information shall be produced to both parties and the parties' proposed stipulated protective order shall cover these documents as well. In the interim, the parties shall not use or disseminate these documents for any purpose other than the prosecution of this litigation. Plaintiff's counsel shall not disseminate the information to any person, including his client, pending further orders or instructions from this court.

### 3. <u>Item no. 6</u>

The DA also indicated that it has documents responsive to item no. 6 in the subpoena, i.e., evidence obtained by the its *Pitchess* motion as to Officer Young in the matter of *People of the State of California v. William Dwayne Hayes*, Siskiyou Co. Sup. Ct. Case No. CRM 06-431.

Defendants strenuously oppose production of any such information in the present case, arguing that any information produced pursuant to a *Pitchess* motion is to be limited only to that litigation. *See Alford v. Superior Court*, 29 Cal.4th 1033, 1058 (Cal. 2003) (stating that proposition). They also argue that an order compelling production would thwart the "entire state law statutory schema," which was designed precisely to balance the privacy of the officers, protect government information, and protect a defendant's right to discovery. Defs.' Opp'n, 8:10-20. The argument is unavailing. It attempts to impose state court discovery rules and procedures on this court, where the Federal Rules of Civil Procedure control. Fed. R. Civ. P. 1.
////

The court finds that information obtained from Officer Young's personnel file in the DA's *Pitchess* motion is likely to lead to discoverable information in this case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the DA shall produce this information to both parties within fifteen days from the date of the hearing. The parties shall address dissemination and use of this information in the forthcoming stipulated protective order, and in the interim they shall limit the use or dissemination of this information to the present litigation. Plaintiff's counsel shall not disseminate the information to any person, including his client, pending further orders or instructions from this court. If, after examining the information produced by the DA, defendants believe the files contain information privileged under federal law, the court will entertain an appropriate motion by defendants and defendants shall adhere to federal rules and procedures, including the requirements for a privilege log.

### III. CONCLUSION

In accordance with the foregoing, plaintiff's motion is granted in part.

The DA shall provide a certification that it has no information responsive to item nos. 2 or 5 identified in the subpoena.

As to items no. 1, 3, 4 and 6, the DA shall produce the responsive information to both plaintiff and defendants. However, the responsive documents shall be subject to the parties' forthcoming stipulated protective order, which they will submit for approval. In the interim, no party shall use or disseminate the responsive information beyond the confines of this litigation. Plaintiff's counsel shall not disseminate the information to any person, including his client, pending further orders or instructions from this court. If, after examining the information produced by the DA, defendants believe the files contain information privileged under federal law, the court will entertain an appropriate motion by defendants.

SO ORDERED.

DATED: April 10, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE