UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THOMAS LEE WILLIAMS, by and
through his Guardian ad litem,
Darius Williams,

        Plaintiff,

   v.

CITY OF WEED, CHRIS YOUNG, an
individual, STEVEN SHANNON, an
individual, MARTIN NICHOLAS,
an individual

        Defendants.

Case No. 2:07-CV-1787-FCD-EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Estate of Thomas Lee Williams'[1] ("plaintiff") motion to modify the scheduling order, pursuant to Federal Rule of Civil Procedure 16(b),[2] and to file a first amended complaint pursuant to Rule

---

[1] On April 22, 2008, the Estate of Thomas Lee Williams was substituted as the plaintiff in this litigation due to plaintiff Thomas Lee William's ("Williams") death. (See Mem. & Order [Docket #38], filed Apr. 22, 2008.)

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure. Plaintiff moves for leave to amend pursuant to Rule 15. However, because a pretrial scheduling order is in place in this matter, the court construes the motion as a motion to modify the pretrial scheduling order to permit an

1

15.  Defendants City of Weed, Chris Young ("Young"), Steven Shannon ("Shannon"), and Martin Nicholas ("Nicholas") (collectively "defendants") oppose the motion to the extent it adds claims under 42 U.S.C. § 1983.  However, defendants do not oppose plaintiff's motion to the extent it seeks (1) to add Chauncey Williams, Williams' son and successor in interest, as a party plaintiff; or (2) to allege a claim for wrongful death.  For the reasons set forth below,[3] plaintiff's motion GRANTED.

**BACKGROUND**

This is a civil rights action in which plaintiff alleges that Williams was beaten by defendant police officers, whose failed to provide him necessary medical care resulted in death.  Plaintiff alleges that on or about September 6, 2006, defendants Young and Shannon performed a traffic stop on Williams, who was driving a vehicle without a functioning licence plate light.  (Compl., filed Aug. 30, 2008, ¶ 11.)  According to Shannon's report, Williams placed something in his mouth and began to chew; Shannon suspected that Williams was attempting to swallow contraband and ordered him to the spit the item out and exit the vehicle.  (Id. ¶ 12.)  Williams did not respond.  (Id.)  Plaintiff alleges that Young reached into the vehicle through a driver's side window, grabbed Williams by the neck, and slammed William's head into the steering wheel, rendering him

---

amended pleading pursuant to Rule 16.  Because plaintiff has sufficiently discussed diligence in seeking amendment of the pleadings, the court rules on the motion as submitted.

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1  unconscious.  (Id.)  Young and Shannon then pulled Williams from
2  the vehicle, threw him to the ground, and dropped a knee into
3  William's head.  (Id.)  Williams was dragged to the location of
4  Shannon's patrol vehicle.  (Id.)
5       Plaintiff further alleges that during the time that Shannon
6  and Young were with Williams, Williams stopped breathing and
7  suffered irreversible brain damage when Shannon and Young allowed
8  him to lie unconscious on the road without attempting to remove
9  the item from his mouth or to timely obtain emergency medical
10 services for Williams.  (Id. ¶ 13.)  Plaintiff alleges that
11 Williams laid unconscious and not breathing on the roadway for
12 approximately twenty-five minutes before medical personnel
13 arrived.  (Id.)  Williams was transported to a hospital, where it
14 was discovered that he had suffered a catastrophic anoxic brain
15 injury.  (Id. ¶ 14.)  Subsequently, when Williams' condition did
16 not improve, he was transferred to a sub-acute hospital, where he
17 remained in a coma.  (Id.)  On November 24, 2007, Williams died.
18 (Notice of Suggestion of Death [Docket #19], filed Feb. 14,
19 2008.)

## STANDARD

21     Once the court has entered a pretrial scheduling order
22 pursuant to Rule 16, the standards of Rule 16 rather than Rule 15
23 govern amendment of the pleadings.  See Johnson v. Mammoth
24 Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert
25 Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal.
26 1996).  Orders entered before the final pretrial conference may
27 be modified only "upon a showing of good cause."  Fed. R. Civ. P.
28 16(b).  The good cause requirement of Rule 16 primarily considers

the diligence of the party seeking the amendment.  Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper.  See Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3.  Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires."  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates an undue delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

**ANALYSIS**

Defendants do not oppose plaintiff's motion to amend the complaint to the extent it seeks to add a claim for wrongful death or to add Chauncey Williams, Williams' son and successor in interest, as a party plaintiff.  (See Defs.' Opp'n to Mot. to Amend Compl. ("Opp'n"), filed Sept. 30, 2008.)  Based upon the submissions of plaintiff, and in light of defendants' silence with respect to this aspect of the motion, plaintiff's motion to amend the complaint to add a claim for wrongful death and a new party plaintiff is GRANTED.

Defendants oppose amendment of the complaint to the extent plaintiff seeks the addition of the Second, Fourth, and Fifth Claims for Relief pursuant to 42 U.S.C. § 1983, as set forth in the proposed First Amended Complaint ("FAC").  Defendants' three page opposition, bereft of any citation to applicable case law or the standard for reviewing a motion to amend, seemingly argues that amendment would be futile because plaintiff's allegations do not rise to the level of constitutional violations.

Plaintiff's original complaint alleges one Claim for Relief pursuant to 42 U.S.C. § 1983 that includes allegations of multiple constitutional violations based upon different conduct by all defendants. The factual allegations give rise to claims (1) against Young and Shannon for unreasonable and excessive force; (2) against Young and Shannon for deliberate indifference to Williams' serious medical needs; and (3) against the City of Weed and Nicholas for creating or maintaining policies or customs or otherwise ratifying the use of excessive and unreasonable force by police officers. The proposed FAC alleges five different Claims for Relief pursuant to 42 U.S.C. § 1983. (Ex. 3 to Decl. of Thomas N. Peterson in Supp. of Pl.'s Mot. To Amend ("Peterson Decl"), filed Sept. 3, 2008.) The First Claim is against Young and Shannon for unreasonable and excessive force. (Id.) The Second Claim is against Young and Shannon for deliberate indifference to Williams' serious medical needs. (Id.) The Third Claim is against the City of Weed and Nicholas for creating or maintaining policies or customs or otherwise ratifying the use of excessive and unreasonable force by police officers. (Id.) These are the same claims arising from the same factual basis as those set forth in the original complaint.[4] (Id.) The proposed FAC also includes a Fourth and Fifth Claim for Relief against the City of Weed and Nicholas for failure to train police officers to administer timely and effective assistance to serious medical needs and for failure to provide

---

[4] The court notes that defendants did not file a motion to dismiss this original claim under Rule 12(b)(6) for failure to state a claim.

5

sufficient funds for such training.  (Id.)

The court concludes that, on this procedural motion and in light of the minimal briefing by defendants, it cannot hold that plaintiff's proposed Second, Fourth, and Fifth Claims for relief are futile.[5]  Defendants' argument is based upon construing and characterizing plaintiff's allegations in the light least favorable to plaintiff.  (See Opp'n at 2-3.)  However, on a motion to amend, "a proposed amendment is futile only if no set of facts can be proved under the amendment which would constitute a valid or sufficient claim or defense."  Miller v. Rykiff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (comparing the standard in evaluating the legal sufficiency of a proposed amendment to the standard under Rule 12(b)(6) that requires the allegations in the complain to be construed in the light most favorable to the plaintiff).  Defendants have failed to substantiate any argument that plaintiff's proposed claims contain such deficiencies.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to modify the pretrial scheduling order and amend the complaint is GRANTED.[6] Plaintiff shall file an amended complaint within ten (10) days from the date of this order to file an amended complaint in

---

[5] Plaintiff contends that he did not seek amendment of the complaint until this time due to discussions relating to settlement in the matter. (Ex. 1 to Peterson Decl.) Defendants do not dispute that plaintiff was diligent in seeking amendment of the complaint. (See Opp'n.) As such, the court holds that Rule 16's good cause requirement has been satisfied.

[6] The court notes that nothing in this order precludes defendants from testing the legal or factual sufficiency of plaintiff's claims at a later stage in the litigation.

6

1 accordance with this order.  Defendants are granted thirty (30)
2 days from the date of service of plaintiff's amended complaint to
3 file a response thereto.
4     IT IS SO ORDERED.
5 DATED: October 10, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE